KING, C. J.,
 

 for the Court.
 

 ¶ 1. Tonya Deann Bell pled guilty on June 29, 2005, to two separate charges of possession of more than 0.1 gram, but less than two grams of cocaine. Thereafter, Bell filed a petition styled, “Motion for Reconsideration of Sentence” for both convictions. Treating Bell’s petition as a motion for post-conviction relief, the circuit court of Prentiss County dismissed Bell’s petition for failure to raise any meritorious issues. Aggrieved, Bell argues two assignments of error: (1) the trial court erred in dismissing her motion for post-conviction relief, and (2) Bell was not procedurally barred from raising the issue of involuntary plea based on new evidence and ineffective assistance of counsel. We find no error and, thus affirm the dismissal of Bell’s motion.
 

 FACTS
 

 ¶ 2. In 2003 and 2004, Bell was indicted by a Prentiss County grand jury for the sale of cocaine. Both charges, cause numbers CR03-198 and CR04-060, were later reduced to possession. On June 29, 2005, Bell entered a guilty plea to two charges of possession of more than 0.1 gram, but less than two grams of cocaine. Bell was sentenced in cause number CR03-198 to serve eight years in the Intensive Supervision Program/House Arrest Program (ISP/HAP), five years post-release supervision, and ordered to complete an alcohol and drug treatment program as directed by the supervising officer, pay a fine in the amount of $1,000, and pay all court costs. In cause number CR04-060, Bell was sentenced to eight years, which were suspended, and ordered to pay all court costs. The sentences were to run consecutively to each other.
 

 ¶ 3. On August 8, 2005, Bell was sent to the Central Mississippi Correctional Facility after violating the terms and conditions of her house arrest by failing to enter an alcohol and drug treatment program and failing to pass a mandatory drug test. After filing a petition for reconsideration of both sentences and a request to have her sentences run concurrently, the trial court, on September 4, 2007, dismissed Bell’s motion for failure to raise meritorious issues.
 

 STANDARD OF REVIEW
 

 ¶ 4. On appeal, this Court will reverse the trial court’s decision to dismiss a petition for post-conviction relief if the movant can substantially show that the claim is procedurally viable due to a denial of a state or federal right.
 
 Gaston v. State,
 
 922 So.2d 841, 843(¶ 5) (Miss.Ct.App.2006). However, this Court will not re verse absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002). While deferring to the trial court on issue of fact, the applicable standard of review is de novo where questions
 
 *749
 
 of law are raised.
 
 Pace v. State,
 
 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000).
 

 ANALYSIS
 

 ¶ 5. In this case, Bell filed one petition for two different judgments. However, according to the Mississippi Code Annotated section 99-39-9(2) (Rev.2007) a separate motion for post-conviction relief must be filed for each cause number or conviction.
 
 [1]
 
 Although separate motions were not filed, the trial court did review Bell’s motion, but found that Bell failed to raise any meritorious issues in her motion on either conviction. Therefore, no harm was caused by ruling on both judgments under one motion.
 

 I. WHETHER THE TRIAL COURT ERRED IN DISMISSING BELL’S MOTION FOR POST-CONVICTION RELIEF.
 

 ¶ 6. In her motion, Bell requested that the Circuit Court of Prentiss County reconsider her sentence and allow the sentences to run concurrently; however, that request was denied, and Bell now appeals to this Court.
 

 ¶ 7. Bell asserted the following grounds at the trial court as the basis for relief: (1) the petitioner has served a great deal of her sentence under a perfect institutional record; (2) the petitioner has an early date of release, May 2017; (3) the petitioner begs the court’s attention to the problem of overcrowding in the Mississippi penal system; (4) the petitioner has used her time wisely and completed classes that will help her further her life in society with a positive impact; (5) the petitioner has started classes to receive her GED; and (6) the petitioner will attend a alcohol/drug treatment program if given the opportunity. After our review of the record and the plea colloquy, we find that the trial judge did not err in dismissing Bell’s motion for post-conviction relief.
 

 ¶ 8. According to Mississippi Code Annotated section 99-39-5(1) (Rev.2007), the grounds for post-conviction relief are as follows:
 

 (1) Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims:
 

 (a) that the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
 

 (b) that the trial court was without jurisdiction to impose sentence;
 

 (c) that the statute under which the conviction and/or sentence was obtained is unconstitutional;
 

 (d) that the sentence exceeds the maximum authorized by law;
 

 (e) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
 

 (f) that his plea was made involuntarily;
 

 (g) that his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;
 

 (h) That he is entitled to an out-of-time appeal; or
 

 (i) that the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy; may file a motion to
 
 *750
 
 vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.
 

 ¶ 9. None of the arguments proposed by Bell as grounds for relief fall within the purview of the statute. Bell acknowledged in her plea colloquy that she freely and voluntarily, without any threat or coercion, entered a guilty plea to both charges of possession of more than 0.1 gram, but less than two grams of cocaine. Bell acknowledged that she understood the maximum penalty allowed by statute for her plea of guilty to the two charges of possession of cocaine. Accordingly, the trial court held that the reasons proposed by Bell do not give rise to meritorious basis for granting her post-conviction relief.
 

 II. WHETHER BELL IS PROCEDURALLY BARRED FROM RAISING THE ISSUE OF INVOLUNTARY PLEA BASED ON NEW EVIDENCE AND INEFFECTIVE ASSISTANCE OF COUNSEL.
 

 ¶ 10. A petitioner seeking post-conviction relief based on new evidence must prove that the new evidence has been discovered since the end of trial, and such evidence could not have been discovered through due diligence before the beginning of the trial. However, “[w]hen a defendant pleads guilty, he is admitting that he committed the offense. Therefore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence.”
 
 Jenkins v. State,
 
 986 So.2d 1081, 1034(¶ 12) (Miss.Ct.App.2008).
 

 ¶ 11. After entering a guilty plea, Bell asserts that new evidence came to light on January 9, 2008, after review of the court transcript that will show that she was wrongfully accused, charged, and sentenced in cause number CR03-198, and she was ill-advised and misinformed by defense counsel that there was nothing on the recording that would implicate her involvement in the drug buy on April 4, 2003. Although Bell’s current sentence is based on guilty pleas to two separate charges, she is requesting that this Court review the evidence and either reverse or dismiss the charge in cause number CR03-198.
 

 ¶ 12. The issues of new evidence being available and ineffective assistance of counsel are being raised for the first time in this appeal. “An issue not raised before a trial court in a motion for post-conviction relief is procedurally barred.”
 
 Long v. State,
 
 982 So.2d 1042, 1045(¶ 13) (Miss.Ct.App.2008). Thus, the issues of new evidence and ineffective assistance of counsel are procedurally barred from review by this Court. Even if these issues were not subject to a procedural bar, Bell has failed to specifically identify any new evidence. Furthermore, Bell’s guilty plea in cause number CR03-198 would nullify any belief that new evidence would prove that Bell was wrongfully accused, charged, and sentenced. Considering the dialogue between Bell and the trial judge in her plea colloquy, we are satisfied that Bell received adequate legal service and advice from defense counsel. We find that this issue is without merit. Therefore, the decision of the trial court is affirmed.
 

 ¶ 13. THE JUDGMENT OF THE PRENTISS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Mississippi Code Annotated section 99-39-9(2) (Rev.2007) provides that a motion for post-conviction collateral relief shall be limited to the assertion of a claim for relief against one (1) judgment only. If a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.