ISHEE, J.,
for the Court:
¶ 1. In 2009, Moses McLaurin pleaded guilty in the Scott County Circuit Court to possession of more than two grams but less than ten grams of cocaine. He was sentenced as a subsequent drug offender to ten years in the custody of the Mississippi Department of Corrections (MDOC). In 2012, McLaurin filed a motion for post-conviction relief (PCR) alleging he was improperly denied parole eligibility. The motion was denied. He now appeals asserting his criminal record improperly reflects that he was convicted as a subsequent drug offender and that even if he had been convicted as a subsequent drug offender, the circuit court abused its discretion in doing so. Having raised these issues for the first time on appeal, McLau-rin is procedurally barred from proceeding with this action. Therefore, we affirm the circuit court’s judgment.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In 2008, McLaurin was indicted in Scott County, Mississippi, as a subsequent drug offender and as a habitual offender, for possession of more than two grams but less than ten grams of cocaine. McLaurin had received two convictions of controlled-substance violations in 2006. In July 2009, he pleaded guilty in the circuit court to the instant offense as a subsequent drug offender. In his plea agreement, he acknowledged he had been convicted of “a controlled substance felony.” While the subsequent-drug-offender status remained a part of the indictment, the State agreed to remove the habitual-offender status from the indictment as part of the plea agreement. Accordingly, the circuit court convicted McLaurin as a subsequent drug offender and sentenced him to ten years in the custody of the MDOC.
*813 ¶ 3. In February 2012, McLaurin filed a PCR motion claiming he was improperly denied parole eligibility on the false basis that he was serving an enhanced sentence. The circuit court summarily denied the motion in March 2012. McLaurin now appeals claiming he was not sentenced as a subsequent drug offender and that even if he was, the circuit court did so without authority of law.
DISCUSSION
¶ 4. We review a circuit court’s denial of a PCR motion under a clearly-erroneous standard of review. Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss.Ct. App.2010) (citation omitted). However, an issue is procedurally barred if not first raised in a PCR motion before a trial court. Bell v. State, 2 So.3d 747, 750 (¶ 12) (Miss.Ct.App.2009) (citation omitted).
¶ 5. Here, McLaurin claims that he was not technically charged as a subsequent drug offender and that even if he had been charged as such, he was charged improperly. Nonetheless, these assertions were not raised in his PCR motion before the circuit court. His PCR motion instead contained allegations that he was unduly denied parole eligibility due to a misreading of his sentence as being an enhanced sentence, therefore barring parole eligibility-
¶ 6. Parole eligibility notwithstanding, McLaurin’s issues on appeal were never raised in his PCR motion. His assertions that he was not charged as a subsequent drug offender, or charged improperly as such, are absent from his PCR motion. But even assuming for the sake of argument that the claims were raised in his PCR motion and properly presented to the circuit court, they are without merit.
¶ 7. At the beginning of McLaurin’s plea hearing, his defense counsel was asked to recite the crime to which McLau-rin was pleading guilty. Defense counsel stated: “Your Honor, he’s entering a plea to possession of more than two but less than ten grams of crack cocaine as a subsequent offender, but not as a habitual criminal.” McLaurin was later asked by the circuit court during the plea hearing if he had heard and agreed with his defense counsel’s plea on his behalf. He responded, ‘Tes, sir.” When asked how many times he had been convicted as a felon, McLaurin responded, “Twice, sir.” Likewise, in McLaurin’s plea colloquy, he noted that he had “been previously convicted of a controlled substance felony.”
¶ 8. After announcing McLaurin’s sentence as ten years in the custody of the MDOC, the State specifically asked, ‘Tour Honor, would that be as a second offender?” To which the circuit court stated, “And you are sentenced as a second offender.” Defense counsel immediately questioned the circuit court, “But not as a habitual offender?” The circuit court responded, “Correct.”
¶ 9. Hence, while McLaurin’s claims on appeal were not properly brought before this Court, they are, nonetheless, without merit. We affirm the circuit court’s judgment.
¶10. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.