# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01223-COA

**CHRISTOPHER BENOMAN A/K/A**                              **APPELLANT**
**CHRISTOPHER DESHONE BENOMAN A/K/A**
**CHRISTOPHER DESHANE BENOMAN A/K/A**
**CHRISTOPHER D. BENOMAN**

**v.**

**STATE OF MISSISSIPPI**                                               **APPELLEE**


| | |
|---|---|
| DATE OF JUDGMENT: | 07/23/2014 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER BENOMAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/23/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND CARLTON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     On November 4, 2009, Christopher Benoman pleaded guilty in the Lauderdale County Circuit Court to two counts of lustful touching of a child. He was sentenced to fifteen years on each count, with the sentences to run concurrently. The trial court suspended both sentences and placed Benoman on five years' supervised probation. Benoman was also ordered to pay a $1,000 fine for each count, with both fines suspended, and $1,112.94 in restitution for the first count. On February 20, 2013, the trial court revoked Benoman's

probation for the commission of second-offense driving under the influence, driving on a suspended license, reckless driving, and testing positive for marijuana. He was sentenced to fifteen years on each count of lustful touching, with the sentences to run concurrently. Benoman was ordered to pay $619.44 to the court for the first count and $1,619.50 to the court for the second count. On March 27, 2014, Benoman filed a motion for post-conviction relief (PCR). The trial court denied Benoman's motion. Benoman now appeals, asserting that (1) he was mentally incompetent at the time of his plea, (2) errors in the factual basis of his plea warrant relief, and (3) the court, in another action, erred in dismissing his claim for failure to state a claim.

## STANDARD OF REVIEW

¶2.     When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶3.     According to Mississippi Code Annotated section 99-39-5(2) (Supp. 2014), a motion for post-conviction relief following a guilty plea shall be made "within three (3) years after entry of the judgment of conviction." The judgment of conviction was entered on November 4, 2009. Benoman did not file his motion for relief within the statutory time period; thus, his motion for relief is time-barred, and no exceptions apply. Notwithstanding the time-bar, we

will address the merits of Benoman's arguments.

## I.    COMPETENCY TO STAND TRIAL

¶4.    Benoman argues that he was incompetent to stand trial because he had previously been diagnosed with "bipolar disorder or manic depressi[on] and may have some issue of schizophrenia." He also argues that his trial counsel was ineffective because he failed to request a psychiatric evaluation.

¶5.    Uniform Rule of Circuit and County Court 9.06 states in part: "If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination . . . ." Whether a reasonable ground exists "to believe that a defendant is incompetent to stand trial rests largely within the discretion of the trial judge." *Harden v. State*, 59 So. 3d 594, 601 (¶14) (Miss. 2011) (quoting *Goff v. State*, 14 So. 3d 625, 644 (¶66) (Miss. 2009)). "On review, the pertinent question is whether 'the trial judge received information which, objectively considered, should reasonably have raised a doubt about defendant's competence and alerted him to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense." *Id*. (quoting *Goff*, 14 So. 3d at 644 (¶66)).

¶6.    At the plea colloquy, the following exchange occurred between the trial court, Benoman, and his trial counsel:

> THE COURT:          Now, as I understand it, you have been previously
>                               diagnosed with problems that have been called

3

bipolar disorder or manic depressive type behavior and may have some issues of schizophrenia that you have seen or had treatment in the past; is that right?

THE DEFENDANT: Yes, sir.

THE COURT: Now today, I'm not a doctor, but you appear to be perfectly lucid and appropriate in your responses. I guess [–] although it doesn't say so on your plea petition [–] you feel like you have got those conditions that were previously diagnosed under control and they are no longer affecting you at all here today?

THE DEFENDANT: No, sir, they are not.

THE COURT: So whatever problems that you have before have been resolved taken care of by treatment and medication?

THE DEFENDANT: Yes, sir.

THE COURT: And they are not affecting you at all here today?

THE DEFENDANT: No, sir.

THE COURT: Is that your observation, Mr. Evans?

THE DEFENDANT: It is, Your Honor.

4

. . . .

| | |
|---|---|
| THE COURT: | And based on your discussions with Mr. Benoman, are you satisfied that in both cases he is entering his plea of guilty, although it is an *Alford* plea, he is entering his plea of guilty[] freely and voluntarily and he understands the consequences of entering his pleas of guilty and he is competent [to] do so? |
| MR. EVANS: | Yes, sir. |
| THE COURT: | And we discussed a few minutes ago the previous diagnosis of mental issues, but you are confident that whatever he may have had in the past, that is not affecting his judgment to the extent that his ability to understand what is going on is impaired at all today? |
| MR. EVANS: | Not at all. |
| THE COURT: | Okay. Any questions, Mr. Benoman? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Okay. Then based on your sworn plea petitions, your statements here under oath in open court today, statements from your attorney Mr. Evans, as well as statements made by Lisa Howell here on behalf of the District Attorney's office, I find that you understand the facts surrounding both of these lustful[-]touching charges, you understand the essential elements that would have to be proven to find you guilty in both cases, and you |

5

> understand what the penalties could be imposed in both cases. Certainly, in both cases there is a factual basis to support your plea of guilty, and I find that it is obvious, since you are getting all suspended time here, that Mr. Evans has been effective in representing you as your attorney.

THE DEFENDANT:          Yes, sir.

¶7.     Based on the foregoing, we cannot say the trial court erred in accepting Benoman's guilty plea. At the plea colloquy, Benoman denied that his previous diagnoses were affecting him on the day of the plea. As part of his PCR motion, Benoman submitted a letter dated December 17, 2002, from the East Mississippi State Hospital to the Kemper County Chancery Court. The letter recommended placing Benoman in a mental psychiatric unit to target his core problems, major depression and suicidal ideations. He also included his discharge orders from Central Mississippi Residential Center dated May 15, 2012, and a letter from the Social Security Administration awarding him disability benefits beginning April 2003. Still, these documents do not indicate that he was incompetent to stand trial in 2009. The trial court was aware of Benoman's previous diagnoses and questioned him regarding them. Benoman denied that they were affecting him. This issue is without merit.

¶8.     To succeed on a claim of ineffective assistance of counsel, Benoman must prove that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because we find that there was no reasonable ground to believe Benoman was incompetent to stand trial, his trial

6

counsel was under no obligation to request a psychiatric evaluation or otherwise investigate Benoman's previous diagnoses and hospitalizations further. Trial counsel was aware of Benoman's previous diagnoses and was satisfied that Benoman was competent to stand trial. This issue is without merit.

## II.    ERRORS IN THE FACTUAL BASIS

¶9.    Benoman argues that there were two errors in the factual basis that warrant reversal. First, he argues that these matters could not have come to the attention of law enforcement on May 12, 2008, for count I and February 4, 2008, for count II, the dates the offenses occurred, and also have come to the attention of law enforcement on May 22, 2008, the day law enforcement was actually called. A review of the plea transcript reveals that it was the trial judge who said that these matters came to the attention of law enforcement on the dates the offenses occurred. He said this as he was going over preliminary matters, prior to swearing Benoman in. The State, however, said law enforcement was called on May 22, 2008, and the offenses occurred on May 12, 2008, and February 4, 2008. The State did not contradict itself. This argument is without merit.

¶10.    Second, Benoman argues that the State said one of the victims underwent a rape kit, but no "blood, semen, hair, saliva, skin [cells], fingernail scrapings[,] or [other] bodily fluids" were collected. This argument is without merit. A review of the plea transcript reveals that the State said, "And also [B.R.][1] had to go through a [–] not really a rape kit, but

---

[1] To protect the victim's identity, we use initials.

she had to do an obstetric exam at Rush Hospital with Dr. Dukes[. ] Dr. Andrea Dukes found a bruise to her labia but found the hymen was still [intact]." The State did not say B.R. underwent a rape kit.

¶11.    Benoman argues that these alleged errors amount to hearsay and that there are a lot of questions surrounding the case that remain unanswered. By pleading guilty, however, Benoman waived his "right to confront and cross-examine the State's witnesses, . . . and the right to have the State prove each element of the offense beyond a reasonable doubt." *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011) (citing *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)). This issue is without merit.

## III.    DISMISSAL FOR FAILURE TO STATE A CLAIM

¶12.    While it is somewhat unclear, it appears that Benoman is arguing that it was error for the court to dismiss his claim under 42 U.S.C. § 1983 (2012) and 42 U.S.C. § 1985 (2012) for failure to state a claim. That case is not before this Court. Benoman will need to appeal that decision to the proper tribunal.

¶13.    **THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART.**

8