# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00621-COA

**WILLIE EARL TAYLOR, JR. A/K/A WILLIE EARL TAYLOR A/K/A WILLIE TAYLOR**                                        APPELLANT

v.

**STATE OF MISSISSIPPI**                                        APPELLEE

DATE OF JUDGMENT:              05/18/2020
TRIAL JUDGE:                   HON. DEWEY KEY ARTHUR
COURT FROM WHICH APPEALED:     MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        WILLIE EARL TAYLOR JR. (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 03/30/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.    Willie Taylor appeals the Madison County Circuit Court's denial of his motion for post-conviction collateral relief (PCR). Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.    In January 2020, Taylor pled guilty to armed robbery. He was sentenced to twenty-five years, with fifteen years to serve, in the custody of the Mississippi Department of Corrections and five years of post-release supervision. He was also ordered to pay court costs, fees, and assessments in the amount of $388.50.

¶3.    Subsequently, in April 2020, Taylor filed a PCR motion, claiming his plea was

"contrary to the evidence," "the evidence was strongly against the weight of the evidence," and the circuit court erred by admitting witness testimony. In denying post-conviction relief, the circuit court noted that neither Taylor nor his attorney disputed the State's evidence and that no witnesses testified at the plea hearing.

¶4. Now Taylor appeals, claiming that the circuit court erred by not ordering a psychiatric examination or conducting a competency hearing, that he received ineffective assistance of counsel, and that there was no factual basis for his guilty plea. Additionally, Taylor suggests that he received an illegal sentence, and he argues in his reply brief that he was not advised of the minimum or maximum sentences for armed robbery.

## STANDARD OF REVIEW

¶5. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016)).

## DISCUSSION

### I.     Competency and Counsel's Assistance

¶6. Taylor claims that the circuit court erred by not ordering a psychiatric evaluation or conducting a competency hearing. He also claims that he received ineffective assistance of counsel, suggesting that his attorney should have requested an evaluation or a hearing. Taylor did not raise his competency or ineffective-assistance claims in his PCR motion. This

Court has held that "an issue is procedurally barred if not first raised in a PCR motion before a [circuit] court." *McLaurin v. State*, 114 So. 3d 811, 813 (¶4) (Miss. Ct. App. 2013) (citing *Bell v. State*, 2 So. 3d 747, 750 (¶12) (Miss. Ct. App. 2009)). But even assuming for the sake of argument that the claims were raised in his PCR motion, they are without merit.

¶7.     Under our rules of criminal procedure, "[t]here is a presumption of mental competency." MRCrP 12.1(a). "The presence of a mental illness, defect, or disability alone is not grounds for finding a defendant incompetent to stand trial." *Id*. "If at any time before or after indictment, the court, on its own motion or the motion of any party, has reasonable grounds to believe that the defendant is mentally incompetent, the court shall order the defendant to submit to a mental examination." MRCrP 12.2(a).

¶8.     This Court has held that "[w]hether a reasonable ground exists 'to believe that a defendant is incompetent to stand trial rests largely within the discretion of the [circuit] judge.'" *Benoman v. State*, 166 So. 3d 609, 610 (¶5) (Miss. Ct. App. 2015) (quoting *Harden v. State*, 59 So. 3d 594, 601 (¶14) (Miss. 2011)). "On review, the pertinent question is whether 'the [circuit] judge received information which, objectively considered, should reasonably have raised a doubt about defendant's competence and alerted him to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense." *Id*.

¶9.     In his plea petition, Taylor indicated that he had schizophrenia and bipolar disorder and had been prescribed medication. However, Taylor's attorney stated in a "Certificate of Attorney of Record":

> Having discussed this matter carefully with [Taylor], I am satisfied that he is mentally competent and physically sound; there is no mental or physical condition of which I am aware which would affect [his] ability to understand these proceedings; further, I have no reason to believe that [he] is under the influence of drugs or intoxicants . . . .

At the plea hearing, Taylor indicated that he was taking medication for paranoid schizophrenia and ADHD. During the hearing, the court asked Taylor, "Do you know what you're doing here today?" Taylor responded, "Yes, sir. . . . Accept a plea." Taylor's attorney reiterated that she believed that Taylor understood what he was doing. Because the judge did not receive any information that, objectively considered, would reasonably have raised a doubt about Taylor's competence, the judge did not err by failing to order a psychiatric evaluation or conduct a competency hearing.

¶10. As to Taylor's ineffective-assistance claim, he must show "(1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." *Herrington v. State*, 102 So. 3d 1241, 1244 (¶10) (Miss. Ct. App. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). At the plea hearing, Taylor's attorney stated that she did not know of any reason why Taylor's plea should not have been accepted. Because Taylor's attorney did not have "reasonable grounds to believe that [Taylor was] mentally incompetent," counsel was not deficient for failing to request an evaluation or a hearing.

¶11. Taylor also claims that he merely repeated what counsel told him to say at the hearing. Because this issue is also raised for the first time on appeal, it is barred. *McLaurin*, 114 So. 3d at 813 (¶4). Procedural bar notwithstanding, this Court has held that "[g]reat weight may be placed on a defendant's sworn testimony given at a plea hearing, because 'solemn

4

declarations in open court carry a strong presumption of verity.'" *Evans v. State*, 114 So. 3d 778, 781 (¶9) (Miss. Ct. App. 2013) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1997)). "A defendant faces a 'high hurdle in recanting that testimony.'" *Id.* (quoting *Pevey v. State*, 914 So. 2d 1287, 1290 (¶8) (Miss. Ct. App. 2005)). At the plea hearing, Taylor stated that he was satisfied with his attorney's representation of him and that he had no complaints. Additionally, the court asked Taylor, "After your discussions with your attorney, are you the one [who] decided to plead guilty?" Taylor responded, "Yes, sir."

¶12. A review of the record shows that the court did not err by failing to order a psychiatric evaluation or conduct a competency hearing. Additionally, Taylor's ineffective-assistance claims are without merit.

## II. Factual Basis

¶13. Taylor claims that no factual basis existed for his guilty plea.[1] "Prior to accepting a defendant's guilty plea, the circuit court must first decide whether the plea is voluntarily and intelligently made and whether a factual basis exists to support the plea." *Tucker v. State*, 294 So. 3d 690, 695 (¶9) (Miss. Ct. App. 2020) (citing *Venezia v. State*, 203 So. 3d 1, 2 (¶6) (Miss. Ct. App. 2016)). "There are many ways to establish a factual basis, including a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Id.* (quoting *Jenkins v. State*, 202 So. 3d 220, 222

---

[1] In his PCR motion, Taylor did not specifically address the factual basis for his plea. Instead, Taylor asserted that his plea was "contrary to [the] evidence" and that "the evidence was strongly against the weight of the evidence." However, this Court has "declined to assert the proverbial procedural bar" where the factual-basis issue "was barely raised in the trial court." *Boddie v. State*, 850 So. 2d 1205, 1209 (¶16) (Miss. Ct. App. 2002).

(¶8) (Miss. Ct. App. 2016)). And "if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea." *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013) (quoting *Drake v. State*, 823 So. 2d 593, 594 (¶6) (Miss. Ct. App. 2002)). "To determine whether a factual basis exists, we consider the entire record." *Id*. (citing *Drake*, 823 So. 2d at 594 (¶5)).

¶14. At the plea hearing, the court asked the State for a factual basis, and the prosecutor responded:

> Your Honor, should this matter proceed to trial, the State would show this Defendant, on or about the 13th day of March 2019 in Madison County, Mississippi, did willfully, unlawfully and feloniously take and/or attempt to take from the person or presence of Perla Ferrarri Arriaga United States currency, being the personal property of Perla Ferrarri Arriaga, against her will by putting her in fear of immediate injury to her person by the exhibition of a deadly weapon, to wit, a firearm.

When the court asked Taylor if he disagreed with the factual basis, Taylor responded, "No, sir." Taylor's attorney also stated that she did not disagree with the factual basis. Upon reviewing the record, we find that a factual basis was established to support Taylor's plea. Accordingly, this issue is without merit.

### III. Sentence

¶15. Taylor claims that he was not advised of the minimum or maximum sentences for armed robbery. Taylor raised this issue for the first time on appeal. As stated, "an issue is procedurally barred if not first raised in a PCR motion before a [circuit] court." *McLaurin*, 114 So. 3d at 813 (¶4). This Court has also held that issues raised for the first time in an appellant's reply brief will not be considered. *Nelson v. State*, 69 So. 3d 50, 52 (¶8) (Miss.

6

Ct. App. 2011) (citing *Sanders v. State*, 678 So. 2d 663, 669-70 (Miss. 1996)). Nevertheless, the record clearly shows that Taylor was advised of the minimum and maximum sentences and understood that he could receive a sentence up to the maximum authorized by law.

¶16.    In his plea petition, Taylor appeared to have handwritten that the minimum sentence for armed robbery was three years and the maximum sentence was life, if imposed by a jury. He also noted the minimum fine of $0 and the maximum fine of $10,000. In her "Certificate of Attorney of Record," Taylor's attorney stated, "I have explained the minimum and maximum penalties for each charge or count to the [Taylor], and consider [him] competent to understand the charge against him and the effect of [his] plea of guilty[.]" Additionally, the sentence recommendation letter included the minimum and maximum sentences for armed robbery. The letter appears to contain the signatures of the assistant district attorney and Taylor's attorney as well as Taylor's signature. At the plea hearing, Taylor stated that he understood that the minimum sentence was three years, that the maximum sentence was life, if imposed by a jury, and that he could be fined up to $10,000. He also stated that he understood that the court could impose the maximum sentence.

¶17.    Finally, Taylor suggested for the first time in his initial brief that his sentence was illegal. It is well-established that "an accused has a fundamental right to be free from an illegal sentence." *Shies v. State*, 185 So. 3d 1081, 1085 (¶13) (Miss. Ct. App. 2016) (quoting *Grayer v. State*, 120 So. 3d 964, 969 (¶16) (Miss. 2013)). "An illegal sentence is 'one that does not conform to the applicable penalty statute.'" *Id*.

¶18.    Under Mississippi Code Annotated section 97-3-79 (Rev. 2014), a person convicted

of armed robbery

> shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

Miss. Code Ann. § 97-3-79. Furthermore, Mississippi Code Annotated section 99-19-32(1)

(Rev. 2015) provides in relevant part,

> Offenses punishable by imprisonment in the State Penitentiary for more than one (1) year and for which no fine is provided elsewhere by statute may be punishable by a fine not in excess of Ten Thousand Dollars ($10,000.00). Such fine, if imposed may be in addition to imprisonment or any other punishment or penalty authorized by law.

Miss. Code Ann. § 99-19-32(1).

¶19. Taylor was sentenced to twenty-five years with fifteen years to serve and five years of post-release supervision, in the custody of the Mississippi Department of Corrections. He was also ordered to pay court costs, fees, and assessments in the amount of $388.50. Because Taylor's sentence conforms with the applicable penalty statutes, it is not an illegal sentence.

## CONCLUSION

¶20. After review, we find that the circuit court's denial of Taylor's PCR motion should be affirmed.

¶21. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**