GRIFFIS, P.J.,
for the Court:
¶ 1. Lee Alexander Brooks appeals the dismissal of his motion for post-conviction collateral relief. Brooks claims: (1) he received ineffective assistance of counsel, and (2) his guilty plea was not knowingly and voluntarily entered. We find no error and affirm.
FACTS
¶ 2. Brooks was indicted on two counts of burglary of a dwelling house under Mississippi Code Annotated section 97-17-23 (Rev.2006). On July 31, 2008, Brooks pleaded guilty to both counts. Brooks was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections for each count of burglary, with the sentences to run- concurrently. The trial court suspended five years of each sentence and placed Brooks on five years of post-release supervision.
¶ 3. On May 28, 2010, Brooks filed a motion for post-conviction collateral relief. The Adams County Circuit Court dismissed Brooks’s motion and found that Brooks did not receive ineffective assistance of counsel because: (1) his counsel filed the motion to suppress that Brooks requested, and (2) Brooks voluntarily pleaded guilty after being advised of his rights. Brooks appeals from this judgment.
STANDARD OF REVIEW
¶ 4. A circuit court’s dismissal of motion for post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
*628 ANALYSIS

1. Ineffective Assistance of Counsel

¶ 5. Brooks claims that his counsel was ineffective because: (1) counsel did not pursue Brooks’s alleged suppression issue; (2) counsel requested to withdraw and failed to investigate his claims adequately; and (3) counsel misinformed Brooks of his ineligibility for parole. Brooks claimed that he would not have pleaded guilty if he had effective counsel that properly investigated his case.
¶ 6. To prove ineffective assistance of counsel, Brooks must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Brooks to show both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, Brooks must “show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. In cases involving post-conviction collateral relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 7. Brooks argues that his counsel failed to file a motion to suppress evidence. The record indicates that an extensive motion to suppress evidence was filed on Brooks’s behalf. A hearing was held on the suppression motion. Thus, there is no merit to this contention.
¶ 8. Brooks also claims that his appointed attorney requested to withdraw and did not adequately investigate Brooks’s claims. The circuit judge addressed the issue of counsel’s withdrawal from the case. Previously, Brooks was appointed different counsel who was removed at Brooks’s request. The circuit judge explained to Brooks that his current counsel had filed an extensive pretrial motion on Brooks’s behalf, and the attorney had a good track record in the courtroom. The circuit judge did not allow Brooks to remove his second court-appointed attorney without cause on the day of trial and to further delay proceedings as Brooks previously had done. The circuit judge explained to Brooks that he had the option of representing himself or to continue with his current representation after the judge found no merit to Brooks’s request to remove his second counsel. We find no merit to this assignment of error.
¶ 9. Lastly, Brooks argues that he would not have pleaded guilty if his counsel had adequately informed him that he would not be eligible for parole. Brooks had the opportunity to confer with counsel, and he had a family member, his uncle, present during the conference on his plea bargain. Brooks has failed to show any specific evidence of how his counsel misinformed him regarding his eligibility for parole. During Brooks’s plea colloquy, the circuit judge asked the following questions:
Q: Has anyone threatened you to plead guilty?
A: No, sir.
Q: Has anyone offered you any money or held out any promise of reward to get you to plead guilty?
A: No, sir.
Q: And do you understand what I said about the most and the least that you can get on these charges?
A: Yes, sir.
*629 Q And you understand that that’s up to me as the Judge to decide?
A: Yes, sir.
Q: We have been sitting here and you’re not pleading guilty because you’ve been promised any particular sentence or anything?
A: No, sir.
¶ 10. A judge is not required to make a determination that a defendant understands his eligibility for parole before accepting a guilty plea. Ware v. State, 379 So.2d 904, 907 (Miss.1980). The Mississippi Supreme Court has held “that failure to mention something concerning parole eligibility may be no problem, but erroneous information concerning parole and sentencing at least entitles the petitioner to an evidentiary hearing on whether he relied on the erroneous information.” Fairley v. State, 834 So.2d 704, 707 (¶ 8) (Miss.2003).
¶ 11. Here, Brooks was not erroneously informed of his possibility of parole by the circuit judge, and Brooks failed to offer any evidence to support his claims that his counsel misinformed him. Brooks stated in the record that his guilty plea was not the result of being promised a specific sentence. The record is void of any instance where Brooks was misinformed regarding his eligibility of parole.
¶ 12. The circuit judge informed Brooks of the minimum and maximum sentences that each charge carried. Brooks has failed to offer any evidence other than his own statements that his counsel was ineffective. Because Brooks has failed to prove the first prong of the Strickland test, his claim for ineffective assistance must fail. Therefore, this issue has no merit.

2. Voluntariness of Brooks’s Guilty Plea

¶ 13. Brooks argues that his guilty plea was involuntary because he pleaded guilty out of fear of going to trial with unprepared counsel or without counsel, if Brooks chose to represent himself pro se.
¶ 14. A plea of guilty is binding only if it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). Such a plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
¶ 15. Brooks’s claim that he entered an involuntary plea on the basis of unprepared counsel is without merit. As previously discussed, Brooks was represented by adequate counsel. The circuit judge addressed the allegation that counsel was unprepared and found no merit in the allegation citing: (1) an extensive pretrial motion filed by Brooks’s current attorney, and (2) Brooks’s previous request to remove his counsel for baseless reasons.
¶ 16. Brooks was informed of the charges against him, as well as the minimum and maximum sentences each charge carried. The circuit judge further informed Brooks of the result of pleading guilty, asked Brooks if he was threatened to plead guilty, and asked if he had conferred with his attorney concerning his guilty plea. Because we find that Brooks was informed of the charges against him and represented adequately by counsel, Brooks’s claim that his plea was involuntary is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS *630 OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT . PARTICIPATING.