MAXWELL, J.,
for the Court:
¶ 1. Angela Rigdon tried to attack two judgments in one motion for post-conviction relief (PCR), which the law does not permit.[1] Further, we find it was plain from her motion, exhibits, and prior proceedings that she was not entitled to any relief.[2] Thus, we affirm the circuit judge’s summary dismissal of Rigdon’s PCR motion.
Background
¶ 2. In March 2007, Rigdon pled guilty to two separate crimes, charged in two separate causes — (1) the robbery of John Culpepper, and (2) the capital murder of Stuart Milam in the course of the underlying crime of robbery of Milam. Rigdon admitted participating in both robberies with co-indictee Robert Wayne Bounds, though she denied being the one who actually killed Milam. She was sentenced to fifteen years’ imprisonment for the robbery conviction and to life in prison for the capital-murder conviction. The sentences were ordered to run consecutively.
¶ 3. Rigdon filed a pro se PCR motion. The docket lists Rigdon’s PCR motion as having been filed on January 21, 2011— outside the three-year time limit. Miss. Code Ann. § 99-39-5(2) (Supp.2012) (requiring, in cases where petitioner plead guilty, that PCR motion be filed within three years of entry of judgment of conviction). But the file stamp that shows the PCR motion as filed on January 21, 2011, appears to have been later placed over an earlier file stamp dated March 25, 2010. And a handwritten 2010 cause number was apparently scratched out and replaced with a new 2011 cause number. Also, all signature dates throughout Rigdon’s motion are from March 2010. So the record indicates Rigdon may have initially filed her PCR motion in March 2010, within the three years of the entry of her guilty plea. Miss.Code Ann. § 99-39-5(2).
¶ 4. The possibility that Rigdon’s motion may have been timely filed is bolstered by the fact the circuit judge did not summarily dismiss her motion based on section 99-39-5(2)’s time-bar. Instead, he summarily dismissed the PCR motion on a different procedural ground, since it im-permissibly attacked more than one judgment. Miss.Code Ann. § 99-39-9(2) (Supp.2012) (limiting a PCR motion to the “to the assertion of a claim for relief against one (1) judgment only”). The judge also found summary dismissal proper because Rigdon’s motion plainly lacked merit. Miss.Code Ann. § 99-39-11(2) (Supp.2012) (“If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismiss-alt.]”).
Discussion
¶ 5. After reviewing Rigdon’s PCR motion,[3] we affirm the summary dismissal for the same two reasons the circuit judge found it should be dismissed.

*934
I. Noncompliance with One-Judgment Rule

¶ 6. Section 99-39-9(2) clearly limits a PCR motion “to the assertion of a claim for relief against one (1) judgment only.” “If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.” Id. This means that “a separate motion for post-conviction relief must be filed for each cause number or conviction.” Bell v. State, 2 So.3d 747, 749 (¶ 5) (Miss.Ct.App.2009). This rule applies even when, as in Rigdon’s case, the multiple convictions were imposed in the same plea hearing and sentencing order. See Hundley v. State, 803 So.2d 1225, 1229 (¶ 9) (Miss.Ct.App.2001) (noting that section 99-39-9(2) requires separate PCR motions to attack guilty pleas in two different cause numbers, even though the pleas were taken in the same hearing).
¶ 7. Rigdon’s single PCR motion does not comply with section 99-39-9(2). On the first page of her motion, Rigdon lists both the cause number for her robbery conviction and the separate cause number for her capital-murder conviction. And from the content of the motion, it is apparent she is seeking relief from both judgments of conviction. Thus, her PCR motion was properly dismissed for being procedurally barred by the one-judgment rule.

II. Lack of Merit

¶ 8. The trial judge also relied on section 99-39-11(2) as an alternative basis for dismissal. Section 99-39-11(2) permits dismissal based on the PCR motion’s merits—or rather lack thereof. In Bell, which also involved a PCR motion procedurally barred by the one-judgment rule, we found no harm in the circuit judge’s consideration of the merits of the motion, as he concluded there were none. Bell, 2 So.3d at 749 (¶ 5). Similarly, we find no harm in the judge’s determination that, in addition to the procedural bar, dismissal was also warranted under section 99-39-11(2). We agree that it is clear from the face of Rigdon’s PCR motion, attached exhibits, and trial records that she is not entitled to relief.
¶ 9. Parsing the various allegations in Rigdon’s pro se PCR motion and appellate brief, we find she is essentially making three claims — (1) that her guilty plea was involuntary, (2) that her trial counsel was constitutionally ineffective, and (3) that she had never been properly indicted for the robbery of Culpepper. But she fails to support any of the claims.

A. Involuntary Guilty Plea

¶ 10. Rigdon asserts that her guilty plea was not voluntary because she did not understand the charges against her and that she was coerced into pleading guilty. However, her plea-hearing transcript shows otherwise. See Gardner v. State, 531 So.2d 805, 809-10 (Miss.1988) (finding that the thoroughness of the trial court’s interrogation during the plea colloquy “is the most significant evidence of all” when evaluating the issue of voluntariness). At the plea hearing, Rigdon was read both the capital-murder indictment and the robbery indictment. And she was asked and answered in the affirmative that she understood the charges against her. The judge then advised her of the minimum and maximum sentences for both crimes and the rights she would be waiving if she pled guilty, including the right to a jury trial, the right to confront her accusers, and the right to appeal. He then questioned her to ensure she had not been threatened, coerced, or improperly induced to plead guilty. Rigdon maintained she had not.
¶ 11. While “an attack on a facially correct plea may survive summary dismissal *935 if supporting affidavits of other persons are attached,” Rigdon attached no such evidence to her PCR motion. Mitchener v. State, 964 So.2d 1188, 1194 (¶ 15) (Miss.Ct.App.2007). And without any evidence to contradict her sworn testimony, Rig-don’s claims of not understanding the charges against her and coercion cannot survive dismissal. See id.
¶ 12. Rigdon also asserts that there was no factual basis supporting her plea. See Reynolds v. State, 521 So.2d 914, 916 (Miss.1988) (citation omitted) (“[S]ome factual basis for the defendant’s guilt is an essential part of the constitutionally valid and enforceable decision to plead guilty.”); URCCC 8.04(A)(3). But before the circuit judged accepted her guilty plea, the State read both indictments. See Williams v. State, 110 So.3d 840, 843 (¶¶ 17-19) (Miss.Ct.App.2013) (holding that the State’s reading aloud of the indictment at the plea hearing provided an adequate factual basis to support the guilty plea). Also, when the judge asked the State to present its factual bases supporting both charges, the prosecutor proffered that the State was prepared to prove Rigdon participated in both the robbery of Culpepper and the robbery of Milam, during which Milam was murdered. And Rig-don agreed the State’s version of events was correct.
¶ 13. While Rigdon strenuously denied being the one who actually killed Milam, this denial did not negate the factual basis for her plea of guilty to capital murder.[4] This court has previously addressed a similar challenge by a defendant who had also been convicted of capital murder for a killing in the commission of a robbery, but had not herself committed the killing. In Scarborough v. State, 956 So.2d 382, 385 (¶ 17) (Miss.Ct.App.2007), the defendant argued she was not criminally culpable because there was no evidence she was the one who killed the robbery victim. But this court disagreed. Scarborough was an accessory before the fact, “enter[ing] into an agreement that an unlawful act [ (the victim’s robbery) ] will be done ... [and] participating] in the design of the felony.” Id. at 386 (¶ 21). And “[i]n Mississippi, ‘every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such.’ ” Id. (quoting Miss.Code Ann. § 97-1-3 (Rev.2006)). Thus, we found the fact that Scarborough had participated in the robbery in which her accomplices fatally beat the victim in front of her was sufficient to support her conviction of capital murder. Id. at (¶ 20).
¶ 14. Like Scarborough, the record here contains a sufficient factual basis that Rigdon participated in the robbery during which Milam was killed. See Boddie v. State, 875 So.2d 180, 183 (¶ 8) (Miss.2004) (citation omitted) (allowing appellate court to review the record as a whole when determining a factual basis for a guilty plea). And at the plea hearing, Rigdon acknowledged that she understood she had been charged for being an accessory before the fact and, if found guilty, could be punished as if she were the one who killed *936 Milam. So we find there is no merit to her claim that her capital-murder plea lacked a factual basis.
¶ 15. Without any evidence to contradict her sworn plea, we find Rigdon’s involuntary-guilty-plea claim was properly dismissed for lack of merit.

B. Ineffective Assistance of Counsel

¶ 16. Rigdon next claims her trial counsel was ineffective. A voluntary guilty plea waives claims of ineffective assistance of counsel “except insofar as the alleged ineffectiveness relates to the volun-tariness of the giving of the guilty plea[.]” Hill v. State, 60 So.3d 824, 827 (¶ 6) (Miss.Ct.App.2011) (quoting United States v. Cavitt, 550 F.3d 430, 441 (5th Cir.2008)). Rigdon lists a litany of misdeeds by her trial counsel that supposedly contributed to her guilty plea being involuntary — including allegations that counsel mislead Rigdon about the charges against her and her options, threatened Rigdon into pleading guilty, withheld evidence from Rigdon, and refused to conduct discovery at Rig-don’s request. Yet Rigdon provides nothing beyond her own assertions that her attorney actually engaged in this conduct. See Ealey v. State, 967 So.2d 685, 691 (¶ 18) (Miss.Ct.App.2007) (“It is firmly established that mere allegations are insufficient to entitle a defendant to an evidentia-ry hearing on a[PCR] claim of ineffective assistance of counsel.”); see also Brooks v. State, 89 So.3d 626, 628 (¶ 6) (Miss.Ct.App.2011) (holding that in PCR cases, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit” (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995))). Further, Rigdon’s assertions are contradicted by her prior sworn acknowledgments that no one threatened or coerced her into pleads ing guilty and that her counsel explained to her the charges against her. See Mitchener, 964 So.2d at 1194 (¶ 15). Without anything beyond her own allegations that her counsel was deficient, Rigdon’s ineffective-assistance-of-counsel claim was also properly dismissed. See id.

C. Failure to Indict

¶ 17. Finally, Rigdon claims that her conviction for robbing Culpepper cannot stand because she was never indicted for this crime.
¶ 18. Rigdon relies on the fact that no indictment for the Culpepper robbery is attached to her PCR motion. But the mere absence of the robbery indictment from the documents Rigdon selected to support her PCR motion is not proof such document does not exist. Had she never really been properly charged, Rigdon could have placed in the PCR record a copy of the entire trial court record from Cause Number 06-443CR, the earlier case in which she was convicted of robbery. But she did not.[5]
¶ 19. While this court does not have the benefit of the record from Cause Number 06-443CR, the trial judge did. During Rigdon’s plea hearing, the trial judge obviously had both indictments before him. Indeed, prior to taking her plea, the judge *937 mentioned that “before the Court, [is] State of Mississippi versus Angela Rigdon, Cause Number 06-443CR, charged with robbery.” In addition, the State read this indictment in open court as well as her separate indictment for capital murder.
¶20. Section 99-39-11(2) clarifies that a PCR motion may only be dismissed by the trial judge “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” (Emphasis added). Here, the trial judge found, based on the record in Cause Number 06-443CR, Rigdon’s claim that she was never indicted was baseless and did not entitle her to relief. Thus, we find no error in the judge’s alternative holding that Rigdon’s procedurally barred challenge clearly lacked merit.
¶ 21. We affirm the judgment dismissing Rigdon’s PCR motion.
¶ 22. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. Miss.Code Ann. § 99-39-9(2) (Supp.2012).

. Miss.Code Ann. § 99-39-11(2) (Supp.2012).

. Though Rigdon failed to file her notice of appeal within the requisite thirty-day time limit, M.R.A.P. 4(a), this court exercised its authority to suspend the rules for "good cause shown” and allowed Rigdon’s untimely appeal to proceed. M.R.A.P. 2(c).

. Under Mississippi Code Annotated section 97-3-19(2)(e) (Rev.2006):
The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases:
... When done with or without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, kidnapping, arson, robbery, sexual battery, unnatural intercourse with any child under the age of twelve (12), or non-consensual unnatural intercourse with mankind, or in any attempt to commit such felonies[.]

. We note that the State, in its reply brief, attempted to show Rigdon had been indicted for robbery by attaching a copy of the robbery indictment to its brief. But this court's review is restricted to the appellate record, and merely attaching a document as an exhibit to a brief does not make it a part of the record. See McCullough v. State, 47 So.3d 1206, 1211 (¶ 18) (Miss.Ct.App.2010) (holding defendant could not make documents part of trial record "by simply attaching copies to his briefs filed with this Court”). Had the State wanted this court to consider the evidence proving the existence of Rigdon’s indictment, the proper procedure would have been to move to supplement the record, as permitted by Mississippi Rule of Appellate Procedure 10(e).