# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00978-COA

**TIMMIE BROOKS A/K/A TIMMY BROOKS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/2013 |
| TRIAL JUDGE: | HON. JOHNNIE E. WALLS JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMMIE BROOKS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/10/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

## FACTS AND PROCEDURAL HISTORY

¶1. Timmie Brooks was indicted by a Coahoma County grand jury on one count of capital murder[1] and one count of felon in possession of a firearm. Brooks was subsequently indicted in two separate matters: one count of felony escape, and one count of murder.[2] On February 17, 2010, Brooks, represented by public defender Ricky Lewis, and Ray Carter from the

---

[1] This charge alleged that Brooks had murdered Otis Lee.

[2] This charge alleged that Brooks had murdered Kevin Jones.

Office of Capital Defense Counsel, filed a petition to plead guilty to capital murder. Brooks's petition shows that in exchange for his guilty plea to capital murder, the State would recommend that the circuit court sentence Brooks to life in the custody of the Mississippi Department of Corrections (MDOC) without the possibility of parole. The State also agreed to recommend a concurrent life sentence without the possibility of parole, in exchange for Brooks's guilty plea to the other murder charge he faced. Additionally, the State agreed to dismiss the charges of felon in possession of a firearm and another charge of receiving stolen property. On February 18, 2010, Brooks pled guilty to both capital murder and murder. The circuit court sentenced him to concurrent terms of life in MDOC custody without the possibility of parole.

¶2. On May 16, 2011, Brooks filed a motion for transcripts and discovery. He then filed a motion to show cause on October 18, 2012, attacking the legality of his sentence. Following no response from the circuit court or receipt of discovery information, Brooks filed a petition for a writ of mandamus with the Mississippi Supreme Court. On December 8, 2012, in response to Brooks's petition for a writ of mandamus, the circuit court ordered the circuit clerk to send Brooks a copy of the court files. The circuit court also ordered the district attorney's office to send Brooks a copy of the discovery information. The circuit court's order noted that Karen Tanner, the court reporter present during Brooks's arraignment as well as his plea and sentencing hearing, was deceased. A new reporter, Brenda Blackburn, was designated to prepare the transcripts through Tanner's tapes and send them to Brooks. Brooks's petition for a writ of mandamus was then dismissed as moot.

¶3. On April 3, 2015, Brooks filed a motion for postconviction relief (PCR) and claimed he received ineffective assistance of counsel when he pled guilty to capital murder because he was "induced, coerced, and threatened into entering his plea." On April 16, 2013, the circuit court denied Brooks's PCR motion. Brooks appealed.

¶4. While his appeal was pending, Brooks filed a motion with this Court to compel the production of his guilty-plea-hearing transcript. We granted Brooks's motion and ordered the court reporter to file the transcript. After Brooks twice renewed his motion to compel, we noted that the Clerk of Appellate Courts received a letter from Blackburn stating that she was unable to find the audio recordings necessary to complete the transcript. We then ordered the circuit court to determine the status of the transcript and whether it could be completed, and if not, ordered the circuit court to hold a hearing on the record to supplement the record in accordance with Mississippi Rule of Appellate Procedure 10.

¶5. On February 17, 2015, Brooks filed a petition for a writ of mandamus, requesting that this Court compel the circuit court to provide the transcript. We granted Brooks's motion and ordered the circuit court to conduct a Rule 10 hearing within forty-five days. The circuit court accordingly held a hearing to review the status of the transcript and determine whether the transcript could be produced. Brooks, Assistant District Attorney William Gresham, and Lewis were present at the hearing. The circuit court determined that the court reporter's audio tapes and notes needed to prepare the transcript of the plea and sentencing hearing were unavailable and were not likely to become available. As such, the circuit court stated that an additional hearing should be held in order for the parties and witnesses to testify to

3

the facts and events surrounding Brooks's guilty plea.

¶6.    The hearing was held on August 13, 2015, and October 26, 2015, during which the circuit court heard the testimony of Lewis; Carter; Regina Curry – a mitigation specialist with the Office of Capital Defense who was appointed to assist with Brooks's representation; Michael Carr – the assistant district attorney who prosecuted the case against Brooks; the Honorable Kenneth L. Thomas – the circuit judge who had presided over the case and received Brooks's guilty plea; Theresa Thigpen – Judge Thomas's former court administrator; and Brooks.  At the beginning of the hearing, Brooks requested an extension of time in order to obtain counsel.  His request was denied, and the hearing was conducted. The parties and witnesses testified concerning the events surrounding Brooks's guilty-plea and sentencing hearing, and the transcript of the Rule 10 hearing was completed and certified as part of the record on appeal.

¶7.    In his appeal, Brooks argues that (1) he received ineffective assistance of counsel, (2) he did not voluntarily plead guilty to capital murder, and (3) the circuit court erred in denying his request for appointed counsel at his Rule 10 hearing.

## STANDARD OF REVIEW

¶8.    A circuit court's denial or dismissal of a PCR motion is reviewed for abuse of discretion, and we will only reverse the circuit court if its decision is clearly erroneous. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).  However, the circuit court's legal conclusions are reviewed under a de novo standard.  *Chaney v. State*, 121 So. 3d 306, 308 (¶4) (Miss. Ct. App. 2013).

4

## DISCUSSION

### I.       Ineffective Assistance and Voluntariness of Guilty Plea

¶9.      Brooks claimed he received ineffective assistance of counsel and his guilty plea was involuntary because his lawyer "induced, coerced[,] and threatened [him] into entering his plea." On appeal, he maintains that he was "possibly threatened and[] intimidated by the threat of the death penalty . . . ." He further contends that because there is no transcript of the plea and sentencing hearing, there is insufficient evidence to show that his guilty plea was voluntarily and intelligently given.

¶10.     To prevail on a claim of ineffective assistance of counsel, Brooks must show that his attorney's performance was deficient and that it resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because Brooks pled guilty, he has "waive[d] claims of ineffective assistance of counsel except . . . as [they] . . . relate[] to the voluntariness of the giving of the guilty plea." *Rigdon v. State*, 126 So. 3d 931, 936 (¶16) (Miss. Ct. App. 2013). There is a presumption that "counsel's representation falls within the range of reasonable professional assistance." *Jackson v. State*, 178 So. 3d 807, 812 (¶20) (Miss. Ct. App. 2014) (citing *Strickland*, 466 U.S. at 689). To rebut this presumption, Brooks must demonstrate that a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

¶11.     The circuit court did not err in denying Brooks's claims. Apart from his own assertions, Brooks did not present any evidence to support his claim of ineffective assistance of counsel. This Court has held in PCR cases that "where a party offers only his affidavit,

5

then his ineffective[-]assistance claim is without merit." *Alford v. State,* 185 So. 3d 429, 432 (¶16) (Miss. Ct. App. 2016). Accordingly, Brooks's claim for ineffective assistance of counsel is without merit.

¶12. Additionally, Brooks claims his plea was involuntary because he was coerced under the threat of the death penalty. The circuit court's order denying Brooks's PCR motion noted that "[h]ad [Brooks] gone to trial and been found guilty[,] he would surely face the death penalty." As such, the circuit court reasoned that it was logical that Brooks's counsel would warn him of the possible punishments he faced, which included the death penalty. This Court has recognized that "the death penalty is a possible punishment for capital murder, and it [is] logical that [ a defendant's] trial counsel [would] warn[] him of this." *Grissom v. State*, 66 So. 3d 1280, 1283 (¶16) (Miss. Ct. App. 2011). And Brooks did not offer any evidence to substantiate his claim that he was coerced or threatened to plead guilty. Furthermore, Brooks's petition to plead guilty shows that Brooks affirmed he had not been "threatened[,] . . . forced, intimidated[,] or coerced in any manner to plead guilty," and that he offered his "plea of 'guilty' freely and voluntarily and of [his] own accord[.]" During the Rule 10 hearing, numerous witnesses contradicted Brooks's claim that he was coerced into pleading guilty. There is no evidence – apart from Brooks's own assertions – that he was coerced into pleading guilty; rather, there is evidence in the record to the contrary.

¶13. As to Brooks's contention that there is insufficient evidence to show that his plea of guilty was voluntarily and intelligently given because there is no transcript of the plea and sentencing hearing, this Court has held that "an incomplete . . . record, of itself, does not

6

constitute reversible error," and noted that the "same consideration applies to . . . deficiencies in the transcript . . . ." *Stapleton v. State*, 790 So. 2d 897, 899-900 (¶9) (Miss. Ct. App. 2001). And the Rule 10 hearing testimony and transcript was found to be a suitable alternative. Accordingly, the circuit court did not err when it denied Brooks's PCR motion.

## II.    Denial of Appointed Counsel

¶14.    Brooks argues that the circuit court erred when it denied his request for appointed counsel during the Rule 10 hearing. There is no right to appointed counsel in PCR proceedings. *Allen v. State,* 177 So. 3d 1148, 1152 (¶18) (Miss. Ct. App. 2014). Where an evidentiary hearing is required, it is within the discretion of the circuit court to appoint counsel. *Higginbotham v. State,* 114 So. 3d 9, 17 (¶26) (Miss. Ct. App. 2012). Here, the circuit court did not abuse its discretion when it denied Brooks's request for appointed counsel at the Rule 10 hearing. Therefore, this issue is without merit.

¶15.    **THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. WESTBROOKS, J., NOT PARTICIPATING.**