# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01638-COA

**TERRANCE BAKER A/K/A TARRENCE BAKER**                     **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/29/2015 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL HADEN LAWYER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 01/24/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.

### BARNES, J., FOR THE COURT:

¶1.     Terrance Baker appeals the Circuit Court of DeSoto County's judgment dismissing his motion for post-conviction relief (PCR). Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In 2011, Baker was indicted for one count of sale of hydrocodone and one count of sale of marijuana, as a second offender under Mississippi Code Annotated section 41-29-147 (Rev. 2013). The indictment was amended in August 2012 to charge Baker as a habitual

offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015).[1]  In September 2012, Baker pleaded guilty to the sale of hydrocodone as a second offender.  The trial court sentenced Baker to serve fifteen years in the custody of the Mississippi Department of Corrections, followed by ten years of post-release supervision.

¶3.    In September 2015, Baker timely filed a PCR motion, claiming his plea was involuntary and he was denied effective assistance of counsel.  Regarding his guilty plea, Baker claimed he was not advised of possible defenses, the elements of the crime, or the consequences of the plea.  Moreover, he argued he was coerced into pleading guilty and agreeing to a disproportionate sentence, thereby making his plea involuntary.  He asserted that he was not told he would be sentenced as if a handgun were present, even though there was no evidence of a handgun.[2]  Baker argued that his counsel failed to:  conduct a meaningful investigation of his case, ascertain whether he was competent to enter a plea or assist in his own defense, and properly advise him of his rights.

¶4.    The trial court found Baker's arguments without merit and dismissed his PCR motion in a five-page order.  The court found no need for an evidentiary hearing because Baker did not provide any affidavits or other evidence in support of his allegations.  Baker timely appealed.

---

[1] A copy of these indictments was not a part of the record on appeal; this information is taken from the trial-court order.

[2] The trial court stated the capias mentioned a handgun sentence enhancement; however, Baker was indicted, pleaded, and was sentenced as a second offender under section 41-29-147, without a handgun enhancement.

**STANDARD OF REVIEW**

¶5.     When reviewing the trial court's dismissal of a PCR motion, this Court applies the clearly-erroneous standard of review. Issues of law are reviewed de novo. *Jones v. State*, 174 So. 3d 902, 905 (¶8) (Miss. Ct. App. 2015).

**ANALYSIS**

### I.     Guilty Plea

¶6.     Baker argues that his plea was neither knowing nor voluntary. He contends he was pressured by his attorney to accept the fifteen-year sentence, claiming he was initially offered a ten-year sentence but hesitated; then he was told by his counsel the new offer had increased to fifteen years, and would increase to twenty years if he did not immediately accept it. Additionally, Baker argues his sentence was improperly based on allegations a handgun was present during the offense.

¶7.     For a guilty plea to be valid, it must be entered into "voluntarily, knowingly, and intelligently"; that is, "the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Williams v. State*, 31 So. 3d 69, 74 (¶13) (Miss. Ct. App. 2010) (citations omitted). The burden of proving a guilty plea is invalid rests with the defendant and must be proven by a preponderance of the evidence. *Id.* On-the-record statements of the elements of the charged crime sufficiently inform a defendant of the elements of the crime. *Id.* at 79 (¶28). Moreover, statements made in open court under oath "carry a strong presumption of veracity." *Thomas v. State*, 159 So. 3d 1212, 1216 (¶12) (Miss. Ct. App. 2012) (citations omitted).

3

¶8. Baker was thoroughly informed of the nature and consequences of his guilty plea. At the plea hearing, the State explained the evidence it had to prove the elements of sale of hydrocodone (which was to a confidential informant on April 22, 2011), as well as the sentence enhancement as a second offender due to Baker's previous Tennessee conviction for possession and intent to sell a controlled substance in October 1990. There was no mention of a handgun sentence enhancement during the plea hearing or in his sentencing order. Further, the trial-court order stated only "the capias prepared by the clerk mentioned a handgun; Baker was actually indicted, entered a plea to the charge, and was sentenced as a second offender" under section 41-29-147. The trial judge explained the plea and asked Baker several times if his plea was voluntary. Baker denied being promised anything or coerced into pleading guilty. He was explained his rights, as well as the maximum and minimum sentences for the charge.[3] Finally, while the prosecutor may have stated he would increase Baker's sentence during plea negotiations if Baker "hesitated," it cannot be considered coercion attributable to counsel. Thus, the trial court did not err in finding Baker's guilty plea was voluntarily and knowingly entered.

## II.    Ineffective Assistance of Counsel

¶9. Specifically, Baker argues that his counsel before the trial court failed to adequately

---

[3] The trial court noted Baker's maximum sentence would have been sixty-years, served day-for-day, if he were convicted as a habitual offender. The record includes Baker's numerous other indictments and felony convictions in Tennessee.

At the end of the plea hearing, when asked if he had any further questions, Baker did ask about the "last part"; presumably his post-release-supervision obligations. However, the judge explained his entire sentence again.

investigate his case, and, although Baker was incarcerated for months, never had any substantive discussions with him about his case. Baker also claims his counsel never discussed with him the strength of the State's case against him or the defenses available to him, but coerced him into pleading guilty.

¶10. To prove ineffective assistance of counsel, the defendant must show: (1) counsel's performance was deficient, and (2) this deficiency prejudiced the defense. *Williams v. State*, 110 So. 3d 840, 844 (¶21) (Miss. Ct. App. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[T]here is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Hooghe v. State*, 138 So. 3d 240, 247 (¶31) (Miss. Ct. App. 2014) (citation omitted). Further, a voluntary guilty plea waives claims of ineffective assistance of counsel except regarding the voluntariness of the plea. *Rigdon v. State*, 126 So. 3d 931, 936 (¶16) (Miss. Ct. App. 2013) (citations omitted). In the context of a guilty plea, the defendant must show that, but for his counsel's performance, he would not have entered a guilty plea, and the outcome would have been different. *Hooghe*, 138 So. 3d at 248 (¶32). Finally, "the trial court may dismiss a motion for post-conviction relief if the petitioner fails to submit affidavits in support of his allegations" of ineffective assistance; the petitioner's bare assertions are insufficient. *Mayhan v. State*, 26 So. 3d 1072, 1076 (¶10) (Miss. Ct. App. 2009) (citation omitted).

¶11. As the trial court noted, Baker provides no affidavits or other evidence to support any of his numerous allegations against his trial-court counsel. At the plea hearing, Baker affirmed for the trial judge, under oath, that he was satisfied with the services of his lawyer,

5

who had been available to him, and he had no complaints whatsoever about his representation. There was also no indication during the plea hearing that Baker was incompetent to enter a plea or assist his lawyer in his own defense. Accordingly, under *Strickland*, Baker fails to show his counsel was deficient, and but for any errors, the result of the proceeding would have been different. Therefore, this issue is without merit.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. WESTBROOKS, J., NOT PARTICIPATING.**